UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LYLE E. CRAKER, PH.D. <br> 119 Mt. Warner Rd <br> Hadley, MA 01035 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DRUG <br> ENFORCEMENT ADMINISTRATION <br> Mailstop: AXS <br> 2401 Jefferson Davis Highway <br> Alexandria, VA  22301 <br><br> NATIONAL INSTITUTE ON DRUG <br> ABUSE <br> 6001 Executive Blvd. <br> Rockville, MD  20852 <br><br> Defendants. | No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### NATURE OF THE ACTION

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory and injunctive relief to compel the defendants to disclose and release records that have been unlawfully withheld from the plaintiff.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. 1391(e).

## PARTIES

3. Plaintiff Lyle E. Craker, Ph.D. ("Dr. Craker") is a Professor of Plant and Soil Sciences at the University of Massachusetts – Amherst. He is an accomplished professor and researcher. Dr. Craker has written more than 100 scientific articles and authored or co-authored 16 books. He is an editor of The Journal of Herbs, Spices, and Medicinal Plants and The Herb, Spice, and Medicinal Plant Digest. Dr. Craker is also a Chairman of the International Society for Horticultural Science section on Medicinal and Aromatic Plants and an organizing member of the International Council on Medicinal and Aromatic Plants.

4. Defendant Drug Enforcement Administration ("DEA") is a division of the United States Department of Justice, responsible for overseeing and implementing federal drug policies and programs, including the licensing of bulk marijuana manufacturers. DEA is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). It has possession of and control over the records sought by Plaintiff.

5. Defendant National Institute on Drug Abuse ("NIDA") is a part of the National Institutes of Health of the United States Department of Health and Human Services. NIDA is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). It has possession of and control over the records sought by Plaintiff.

## FACTS

### Background

6. DEA is charged with licensing bulk manufacturers of Schedule I controlled substances, including marijuana, for distribution and use in federally approved research. 21 C.F.R. § 1301, *et seq*. DEA must do so in order to further the United States' public

interest in, among other things, "adequately competitive conditions for legitimate medical, scientific, research, and industrial purposes . . . promotion of technical advances in the art of manufacturing these substances and the development of new substances . . . [and] such other factors as may be relevant to and consistent with the public health and safety." 21 U.S.C. § 823(a).

7. On information and belief, marijuana is currently available for research purposes only through one facility. The licensed facility is operated under contract from Defendant NIDA at the University of Mississippi. However, the product provided by the single licensed facility is of insufficient quality and variety to conduct effective research into the medical uses of marijuana for patients with debilitating illnesses like AIDS, cancer, and glaucoma. On information and belief, DEA has refused to issue additional bulk manufacturing licenses for marijuana to legitimate scientists attempting to conduct research to establish marijuana's efficacy and safety as an FDA-approved prescription medicine, even if their research has been approved by the FDA, because of DEA's hostility to the possible positive results of such research.

8. In an effort to support effective research into the possible medical uses of marijuana, Dr. Craker submitted an application for licensing as a bulk manufacturer of marijuana to DEA on June 25, 2001. DEA responded on December 5 2001, claiming the original application was lost. Dr. Craker then resubmitted a photocopy but was told by DEA that the photocopied application was invalid because it did not have an original signature. On July 10 2002, the original application was returned, unprocessed, with a DEA date stamp showing it had been received over a year earlier, on June 28, 2001. Dr. Craker resubmitted the original application to DEA on August 20, 2002.

9. Defendant DEA eventually rejected Dr. Craker's application on December 10, 2004, more than three years after the application was originally filed. DEA made its decision only after being ordered to do so by the Court of Appeals. *In Re Multi-disciplinary Association for Psychedelic Studies, et. al. v. DEA*, No. 04-1246 (D.C. Cir. Nov. 22, 2004) (Per Curiam). Pursuant to 21 C.F.R. § 1316.47, the DEA denial will now be reviewed by a DEA Administrative Law Judge. That hearing is scheduled to begin on August 22, 2005.

10. Dr. Craker filed requests for public records relating to bulk manufacturing licenses for marijuana with Defendants NIDA and DEA on February 21, 2005 and April 26, 2005, respectively.

11. Dr. Craker seeks release of the records in question to further the public interest in effective, high quality scientific research into the medical uses of marijuana, namely the treatment of serious illnesses such as cancer, HIV, and glaucoma. Dr. Craker also seeks to inform the public about the possible health benefits of marijuana and the extent to which the federal government is supporting or failing to support legitimate research. Defendants' failure to release the records requested by Plaintiff violates Dr. Craker's rights under the FOIA.

**Plaintiff's FOIA Request to Defendant DEA**

12. On April 26, 2005, Dr. Craker submitted a FOIA request to DEA seeking specified records pertaining to the licensing and registration of bulk manufacturers of marijuana by DEA. By letter dated June 23, 2005, DEA acknowledged receipt of Dr. Craker's FOIA request on April 28, 2005. Under FOIA, the deadline for DEA to respond

to Dr. Craker's FOIA request was May 28, 2005 (20 working days from April 28, 2005). 5 U.S.C. § 552(a)(6)(A)(i).

13.  In its response, DEA stated that it had assigned the request a number, 05-1024-f, "placed it on a list of requests waiting processing," and would fulfill it in "chronological order based on the date of this letter." Thus, DEA responded to Dr. Craker's FOIA request almost one month late and scheduled the fulfillment of the request according to the date of DEA's late response, instead of the receipt date of the request.

14.  Defendant DEA's response failed to make a determination on whether it would comply with Dr. Craker's request, to state the reasons for its decision, or inform Dr. Craker of his right to appeal an adverse determination, as required by FOIA.  5 U.S.C. § 552(a)(6)(A)(i).  Defendant DEA also failed to comply with FOIA's requirement to explain why it had responded late or why it did not make a determination on whether to comply with the request.  5 U.S.C. § 552(a)(6)(B).

15.  Dr. Craker has exhausted his administrative remedies with respect to his FOIA request to DEA because DEA failed to respond adequately within the applicable time limit.  5 U.S.C. § 552(a)(6)(C)(i).

**Plaintiff's FOIA Request to Defendant NIDA**

16.  On February 21, 2005, Dr. Craker submitted a FOIA request to NIDA seeking specified records pertaining to the licensing and registration of bulk manufacturers of marijuana by DEA and NIDA's involvement therein.  Dr. Craker's request was received by NIDA on February 25, 2005.  By letter dated February 28, 2005, NIDA acknowledged receipt of Dr. Craker's FOIA request and stated that any documents responsive to Dr. Craker's request would be located and reviewed for releasability in a timely manner.

Under FOIA, the deadline for NIDA to respond to Dr. Craker's FOIA request was March 22, 2005 (20 working days from February 25, 2005). 5 U.S.C. § 552(a)(6)(A)(i).

17. Sometime later, the designated FOIA officer for NIDA, Lynnette Palmquist, telephoned one of Dr. Craker's attorneys, Julie Carpenter of Jenner & Block, LLP. Ms. Palmquist reported that they were searching for documents, but had not identified any yet. Ms. Carpenter described some correspondence she believed should be in NIDA's possession that was responsive to the request.

18. On August 3, 2005, Ms. Palmquist again telephoned Ms. Carpenter. Ms. Palmquist stated that NIDA possesses one document responsive to Dr. Craker's request, but that it is the property of DEA and would not be released for that reason. Ms. Palmquist further stated that the document was a draft of a letter written by Professor Mahmood El-Sohly of the University of Mississippi to Defendant DEA. Professor El-Sohly attached the letter to an email to NIDA, seeking NIDA's comments on the draft letter.

19. After some discussion with Ms. Carpenter, Ms. Palmquist agreed to consult her superiors to see if the document could be released to Dr. Craker. As of the date of the filing of this complaint, no further communication has been received by Dr. Craker or any of his attorneys.

20. Defendant NIDA's written response of February 28, 2005 failed to make a determination on whether it would comply with Dr. Craker's request, to state the reasons for its decision, or inform Dr. Craker of his right to appeal an adverse determination, as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i). Defendant NIDA's telephonic response of August 8, 2005 also failed to make a determination on whether NIDA would comply

with Dr. Craker's request or inform Dr. Craker of his right to appeal an adverse determination, as required by FOIA. Id.

21. Dr. Craker has exhausted his administrative remedies with respect to his NIDA FOIA request because NIDA failed to respond adequately within the applicable time limit. 5 U.S.C. § 552(a)(6)(C)(i).

## FIRST CLAIM FOR RELIEF: DEA

22. Defendant DEA's refusal to disclose the requested records is a violation of FOIA and Plaintiff is entitled to the production of those records.

## SECOND CLAIM FOR RELIEF: NIDA

23. Defendant NIDA's refusal to disclose the requested records is a violation of FOIA and Plaintiff is entitled to the production of those records.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' withholding of disclosable records responsive to Dr. Craker's FOIA requests is in violation of FOIA;

B. Enter an injunction requiring Defendants DEA and NIDA to release the disclosable requested records to Dr. Craker;

C. Award Dr. Craker his costs and reasonable attorneys' fees incurred in this action; and

D.  Grant such other relief as the Court may deem just and proper.

                                                    Respectfully submitted,

_____
Arthur B. Spitzer
  D.C. Bar No. 235960
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W. #119
Washington, D.C. 20036
(202) 457-0800

Allen Hopper
Michael G. Perez
American Civil Liberties Union
  Drug Law Reform Project
1101 Pacific Ave., Suite 333
Santa Cruz, CA  95060
(831) 471-9000

*Counsel for Plaintiff Lyle E. Craker, Ph.D.*

August 5, 2005