IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| LYLE E. CRAKER, Ph.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-1576 (GK) |
| ) | |
| UNITED STATES DRUG ENFORCEMENT ) | |
| ADMINISTRATION, NATIONAL INSTITUTE ) | |
| ON DRUG ABUSE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER

Defendants the U.S. Drug Enforcement Administration (DEA), and the National Instituted on Drug Abuse (NIDA), hereby answer the Complaint of plaintiff Lyle E. Craker, Ph.D.

### First Defense

Plaintiff is not entitled to compel production of records protected from disclosure by one or more exemptions to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

### Second Defense

The Court lacks subject matter jurisdiction over plaintiff's request for relief against the DEA to the extent that the request exceeds relief authorized by the FOIA and lacks subject matter jurisdiction over plaintiff's request for relief against the NIDA because all responsive records in its possession have been released.

**Third Defense**

Neither the DEA nor the NIDA is not a proper party to this action.[1]

**Fourth Defense**

In response to the numbered paragraphs of plaintiff's complaint, defendants respond as follows:

1. This sentence contains plaintiff's jurisdictional statement, to which no response is required. To the extent that a response is deemed required, defendants admit that this action is brought under the FOIA.

2. This sentence contains plaintiff's statement of venue, to which no response is required. To the extent a response is deemed required, admit.

3. Defendants are without knowledge or information sufficient to confirm or deny the allegations of this paragraph.

4. Defendants admit the first sentence of this paragraph. Defendants deny the allegations contained in the second sentence of this paragraph. Defendants deny the allegations contained in the third sentence of this paragraph, except to admit that the DEA may be in possession of some of the records sought by plaintiff.

5. Defendants admit the first sentence of this paragraph. Defendants deny the allegations contained in the second sentence of this paragraph. Defendants deny the allegations contained in the third sentence of this paragraph, except to admit that the NIDA may be in possession of some of the records sought by plaintiff and to aver that all responsive records in its possession have been released.

---

[1] The United States Department of Justice should be substituted for the DEA as the proper party defendant. See 5 U.SA.C. § 552(a)(4)(B). The Department of Health and Human Services should be substituted for the NIDA as the proper party defendant. See id.

6. The allegations in this paragraph are plaintiff's characterization of the DEA's licensing of bulk manufacturers of schedule I controlled substances to which no response is required. Defendants respectfully refer this Court to that statute and applicable regulations for a complete and accurate statement of their contents. The remaining allegations in this paragraph assert legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

7. The allegations in this paragraph are plaintiff's characterization of marijuana production conducted at the University of Mississippi to which no response is required. To the extent a response is required, defendants admit the first and second sentences of this paragraph. The third sentence of this paragraph is plaintiff's characterization of quality of the marijuana, to which no response is required. To the extent a response is required, defendants deny the allegations in the third sentence. The fourth sentence is plaintiff's characterization of the DEA's review of other applications to bulk manufacturing licenses for marijuana, to which no response is required. To the extent a response is required, defendants admit that the DEA has not approved other applications for the bulk manufacture of marijuana.

8. Defendants lack knowledge to confirm or deny the allegations in the first sentence of this paragraph. The DEA admits the second sentence of this paragraph. The DEA admits the third sentence of this paragraph. Defendants lack knowledge to confirm or deny the allegations of the fourth sentence of this paragraph. The DEA admits the last sentence of this paragraph.

9. The DEA admits the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute plaintiff's characterization of the reasons

the DEA issued its decision, to which no response is required, except that defendants respectfully refer this Court to the opinion issued by the United States Court of Appeals. The DEA admits the fourth and fifth sentences and avers that the administrative hearing is ongoing as of the date of this answer.

10.   Defendants deny the allegations contained in this paragraph, except to admit that plaintiff submitted requests for records to the NIDA and the DEA through his attorney.

11.   Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in the first two sentences of this paragraph.  Defendants deny the allegations contained in the last sentence of this paragraph.

12.   The DEA denies the allegations contained in the first sentence of this paragraph, except to admit that plaintiff submitted a request for records through his attorney.  The DEA admits the second sentence.  The allegations in the third sentence are plaintiff's characterization of the requirements of the FOIA.  Defendants respectfully refer this Court to that statute and the applicable regulations for a complete and accurate statement of their requirements.

13.   The DEA admits the first sentence.  The second sentence in this paragraph is a legal conclusion to which no response is required.  To the extent a response is required, the DEA denies this allegations in the second sentence.

14.   The allegations in this paragraph contain a legal conclusion to which no response is required and constitute plaintiff's characterization of the requirements of the FOIA.  Defendants respectfully refer this Court to that statute and the applicable

regulations for a complete and accurate statement of their requirements. To the extent a response is required, the DEA denies the allegations in this paragraph.

15. The allegations in this paragraph contain a legal conclusion to which no response is required and constitute plaintiff's characterization of the requirements of the FOIA. Defendants respectfully refer this Court to that statute and the applicable regulations for a complete and accurate statement of their requirements. To the extent a response is required, the DEA denies the allegations in this paragraph.

16. The NIDA denies the allegations contained in the first sentence of this paragraph, except to admit that plaintiff submitted a request for records through his attorney. The NIDA admits the second and third sentences of this paragraph. The last sentence of this paragraph is a legal conclusion to which no response is required. To the extent a response is required, the NIDA denies the allegations in this sentence.

17. The NIDA admits the allegations of this paragraph.

18. The NIDA admits the first sentence of this paragraph. The NIDA denies the allegations contained in the second, third, and fourth sentences of this paragraph.

19. The NIDA denies the allegations contained in the first and second sentences of this paragraph and avers that all responsive records in its possession have been released.

20. The allegations in the first and second sentences of this paragraph contain legal conclusions to which no response is required and constitute plaintiff's characterization of the requirements of the FOIA. Defendants respectfully refer this Court to that statute and the applicable regulations for a complete and accurate statement

of their requirements. To the extent a response is required, the NIDA denies the allegations.

21.  The allegations in this paragraph contain legal conclusions to which no response is required and constitute plaintiff's characterization of the requirements of the FOIA. Defendants respectfully refer this Court to that statute and the applicable regulations for a complete and accurate statement of their requirements. To the extent a response is required, the NIDA denies the allegations.

22.  This paragraph states a conclusion of law, to which no response is required, but to the extent a response is required, the DEA denies the allegations.

23.  This paragraph states a conclusion of law, to which no response is required, but to the extent a response is required, the NIDA denies the allegations and avers that all responsive records in its possession have been released.

The final paragraph of the Complaint represents Requested Relief to which no response is required. To the extent a response is required, defendants deny that plaintiff is entitled to the relief requested or other relief. Except to the extent expressly admitted or qualified above, defendants deny each and every allegation in the Complaint.

WHEREFORE, defendants request an order:

(1)  denying plaintiff's request for relief;

(2)  dismissing plaintiff's Complaint with prejudice; and

(3)  for such other and further relief as the Court deems just and proper.

Dated: September 15, 2005

Respectfully Submitted,

PETER D. KEISLER
Agency Counsel:                              Assistant Attorney General

WILLIAM C. LITTLE, JR.                       KENNETH L. WAINSTEITN
Drug Enforcement Administration              United States Attorney

ANN ADKINSON                                 ARTHUR R. GOLDBERG
Department of Health and                     Assistant Branch Director
 Human Services

/s/ James D. Todd, Jr.
JAMES D. TODD, JR. (D.C. Bar # 463511)
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
P.O. Box 883
Washington, DC 20044
Tel: 202/514-3378
Fax: 202/616-8202
E-mail: james.todd@usdoj.gov

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2005, a copy of the defendants' Answer was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

Arthur B. Spitzer, art.spitzer@aol.com

Attorney for Plaintiff

/s/ James D. Todd, Jr.
_____
 JAMES D. TODD, JR.