IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| LYLE E. CRAKER, Ph.D. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1576 (GK) |
| | ) | |
| UNITED STATES DRUG ENFORCEMENT | ) | |
| ADMINISTRATION, NATIONAL INSTITUTE | ) | |
| ON DRUG ABUSE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S CONSENT MOTION TO VACATE LCvR 16.3
REPORT AND CONFERENCE SCHEDULED FOR FOIA ACTION**

Pursuant to LCvR 16.3(b)(9), Defendants, by and through undersigned counsel, hereby move to vacate the LCvR 16.3 report and conference scheduled in the above-captioned case because this case is an action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and accordingly is exempt from the requirements of LCvR 16.3. In support of this Motion, Defendants respectfully submit:

1. Plaintiff filed the above-captioned FOIA action on August 9, 2005, and Defendants filed their Answer on September 14, 2005.

2. On September 21, 2005, this Court issued an Order Setting Initial Scheduling Conference. The Order set the initial status conference for October 14, 2005, at 3:00 P.M., and required the parties to "submit their Joint Meet and Confer Statement addressing all topics listed in Rule 16.3(c) no later than 14 days following their meeting." The Order also directed the parties "to either include in their Joint Meet and Confer Statement or in a supplemental pleading to be filed no

later than 72 hours prior to the Initial Scheduling Conference, a brief statement of the case and the statutory basis for all causes of action and defenses."

3. LCvR 16.3 of the Local Rules of this Court contains a general requirement for a report and a conference, but LCvR 16.3(b)(9) explicitly exempts "FOIA actions" from the requirements of LCvR 16.3.

4. The Comment to LCvR 16.3(b) explains that FOIA actions are exempted from the requirements of LCvR 16.3 "because they are actions that typically do not require discovery . . . ." *See, e.g., Wheeler v. Cent. Intelligence Agency*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); *Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is 'generally inappropriate.'").

5. The report and conference requirements of LCvR 16.3, as well as the scheduling order provision in LCvR 16.4, are drawn from provisions in Federal Rules of Civil Procedure 16(b) and 26(f).

6. Federal Rule of Civil Procedure 26(f) provides for a conference of the parties and a discovery plan in conjunction with a conference or scheduling order under Federal Rule of Civil Procedure 16(b). The requirements of Federal Rule of Civil Procedure 16(b) provide an explicit exception for "categories of actions exempted by district court rule as inappropriate . . . ." As further explained in the Advisory Committee Notes to Federal Rule of Civil Procedure 16(b), regarding the 1983 Amendment, Rule 16(b) "permits each district court to promulgate a local rule under Rule 83 exempting certain categories of cases . . . ."

7. In light of the explicit exception in Federal Rule of Civil Procedure 16(b), LCvR 16.3 exempts FOIA actions from the requirements of Rule 16(b).

8. Additional factors counsel against entering a scheduling order at this time. First, Defendant the National Institute on Drug Abuse has processed Plaintiff's FOIA request and has provided all responsive documents to Plaintiff. Defendant Drug Enforcement Administration (DEA) has engaged in a good faith effort to work with Plaintiff to resolve this litigation in part. Plaintiff and Defendant DEA have just clarified and narrowed the scope of Plaintiff's FOIA request to the DEA, as evidenced by Plaintiff's revised FOIA request, dated October 4, 2005 [attached as Exhibit A].

9. Defendant DEA plans to provide a response to Plaintiff's revised FOIA request by mid-October. This response will contain, *inter alia*, the DEA's estimates of the time and cost to process Plaintiff's revised FOIA request.

10. Accordingly, both in light of LCvR 16(b)(9) and in light of the ongoing administrative process, a Rule 16(b) scheduling order would be premature before the DEA has provided its estimates of the time and costs to process Plaintiff's revised FOIA request.

11. Assuming Plaintiff pays the estimated costs of processing his revised FOIA request, and/or qualifies for a fee waiver under the relevant FOIA provisions, the parties will inform the Court of the date that the DEA anticipates completing processing of Plaintiff's revised request and will, if necessary, propose a scheduling order for any remaining briefing in this case.

12. Undersigned counsel conferred with Plaintiff's counsel regarding this Motion on October 7, 2005. Plaintiff's counsel indicated that Plaintiff consents to this Motion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate LCvR 16.3 Report and Conference Scheduled for FOIA Action should be granted.

Dated: October 7, 2005

                                              Respectfully Submitted,

                                              PETER D. KEISLER

Agency Counsel:                        Assistant Attorney General

WILLIAM C. LITTLE, JR.              KENNETH L. WAINSTEITN
Drug Enforcement Administration      United States Attorney

ANN ADKINSON                         ARTHUR R. GOLDBERG
Department of Health and              Assistant Branch Director
 Human Services

                                              /s/ James D. Todd, Jr.
                                              JAMES D. TODD, JR. (D.C. Bar # 463511)
                                              U.S. Department of Justice
                                              Civil Division
                                              Federal Programs Branch
                                              20 Massachusetts Ave., N.W.
                                              P.O. Box 883
                                              Washington, DC 20044
                                              Tel: 202/514-3378
                                              Fax: 202/616-8202
                                              E-mail: james.todd@usdoj.gov

                                              Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 7, 2005, a copy of the defendants' Consent Motion to Vacate LCvR 16 Report and Conference Scheduled for FOIA Action was filed electronically via the Court's ECF system, through which a notice of the filing will be sent to:

    Arthur B. Spitzer, artspitzer@aol.com

    Allen Hopper, ahopper@aclu.org

    Michael G. Perez, mperez@aclu.org

    Attorneys for Plaintiff

                                              /s/ James D. Todd, Jr.
                                              _____
                                              JAMES D. TODD, JR.